**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Anthony Trojanovich, Jr., ) | No. CV-06-421-PHX-MHM |
|         Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| City of Globe, et al., ) | |
|         Defendants, ) | |
| ) | |

Plaintiff originally sued Defendants by filing a complaint in the Maricopa County Superior Court, State of Arizona. Plaintiff has asserted claims for common law negligence, assault and battery and false imprisonment (Count One) and violation of civil rights under 42 U.S.C. § 1983 (Counts Two and Three). In his prayer for relief, Plaintiff requests general and special damages, exemplary damages, costs and attorneys' fees. Named Defendants are the City of Globe; City of Globe Police Department; Chief Dave Mullin; Officer C.P. Haines; Officer M. Yeager; and Sergeant R. Tarango. Defendant removed the case to this Court asserting jurisdiction based on federal question, 28 U.S.C. § 1331, and supplemental jurisdiction. 28 U.S.C. § 1367.

Defendants have filed a motion for partial summary judgment as to Plaintiff's common law claims. (Doc. 4). Plaintiff has filed a response in opposition (Doc. 7) supported by a separate statement of facts (Doc. 8) and Defendants have filed a reply. (Doc. 9). Defendants additionally have filed a motion to strike a portion of Plaintiff's affidavit/statement of facts (Doc. 10), to which Plaintiff has filed a response (Doc. 12) and Defendants have filed a reply.

1  (Doc. 14). Defendants have filed a notice of supplemental authority in support of their motion
2  for partial summary judgment. (Doc. 22). The Court heard oral argument on these pending
3  motions on August 25, 2006 and now enters this Order.

I.

Standard of Review.

A motion for summary judgment may be granted only if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To defeat the motion, the non-moving party must show that there are genuine factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e). See also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986).

II.

Defendants' Motion to Strike.

In his statement of facts, Plaintiff states the following based on the affidavit of Plaintiff's counsel:

> 2. ... The Affidavit of Timothy Moulton, also attached, demonstrates that the Notice of Claim letter was sent by fax and regular United States mail after a telephone call to the City of Globe, City Clerk, to get the correct filing, mailing, and fax information. Counsel for plaintiff was advised that the Notice of Claim could simply be mailed and faxed, and that this complied with the City's Notice of Claim procedure. Plaintiff's counsel was also told that the City Clerk and Risk Management Department are to receive and evaluate the Notice of Claim and that the Notice of Claim should be addressed to both departments.
> ***
> 6. On March 9, 2006, plaintiff's counsel, Timothy Moulton, called the City Clerks for the City of Mesa, Arizona and the City of Phoenix, Arizona. These Clerks of two major Arizona cities

- 2 -

> (the two largest cities) confirmed that they accept Notice of Claim letters by facsimile, U.S. Mail or hand delivery (just as Globe, Arizona, represented in January, 2005). See Exhibit 6, Affidavit of Timothy Moulton.

(Doc. 8, Plaintiff's Statement of Facts, paras. 2 & 6). Defendants have moved to strike these factual statements and the corresponding statements contained in the affidavit of Plaintiff's counsel. Defendants contend that these factual statements are hearsay and cannot be considered on summary judgment. Defendants also point out that there is no dispute about the manner in which Plaintiff's Notice of Claim was sent. Rather, Defendants have contended that Plaintiff failed to comply with A.R.S. § 12-821.01(A) by not serving the individual Defendants with the Notice of Claim.

Plaintiff has not identified the person with whom he spoke at the Clerk's Offices. Plaintiff also has not provided the affidavits of any public official associated with the City Clerk's Office for the Cities of Globe, Phoenix or Mesa. What Plaintiff's counsel was allegedly told by unknown persons in these Clerks' Offices is inadmissible hearsay. See Fed.R.Evid. 801(c) (defining hearsay); Fed.R.Evid.802 (excluding hearsay except as provided by rules); Fed.R.Evid. 602 (limiting witness's testimony to those matters of which the witness has personal knowledge).

The Court has construed Defendants' motion to strike as an objection to Plaintiff's statement of facts. Defendants' objection is sustained. The Court has not considered the cited portion of statement of fact no. 2 and statement of fact no. 6 in Plaintiff's statement of facts. The Court also has not considered statements nos. 2 and 4 of the affidavit of Plaintiff's counsel.

III.

Background Facts.

Plaintiff was involved in a traffic stop while traveling Highway U.S. 60 through Globe, Arizona on November 25, 2004. Plaintiff contends that the officers involved in the stop were Defendants Haines and Yeager, along with Officer E. Dickison, all Globe City Police

- 3 -

1 Officers; and Deputies K. Jackson and J. Valenzuela, both of the Gila County Sheriff's
2 Department. (Doc. 1 - complaint at para. XI). Plaintiff contends that he was stopped,
3 detained, imprisoned, arrested and handcuffed, and that unlawful excessive and unreasonable
4 force was used against him. (id.).

5       According to Plaintiff's version of the facts, on the afternoon of November 25, 2004,
6 he had stopped at his grandmother's vacant home located in Globe to check the property for
7 any needed repairs or indication of break-in or burglary. Plaintiff was accompanied by his
8 fiancee and her four-year-old daughter. The traffic stop and detention occurred after Plaintiff
9 had driven away from the residence and was leaving town traveling westbound on Highway
10 60.

11       It is undisputed that Plaintiff through counsel filed a Notice of Claim on January 14,
12 2005 pursuant to A.R.S. § 12-821.01. Plaintiff sent the Notice of Claim by facsimile
13 transmission and regular U.S. regular mail addressed to the following entities: City of Globe,
14 Risk Management Department and/or City Clerk, Globe, Arizona; Gila County, Gila County
15 Sheriff, c/o Gila County Risk Management and/or Gila County Clerk or Board of Supervisors;
16 and State of Arizona, Arizona Department of Public Safety, c/o Arizona Attorney General.
17 It further is undisputed that the Notice of Claim was received by the City of Globe.

18 IV.
19 Discussion.

20       Defendants have moved for partial summary judgment on the ground that Plaintiff's
21 Notice of Claim is deficient as a matter of law. Defendants also contend that Plaintiff's § 1983
22 civil rights claim based on vicarious liability and his request for punitive damages against the
23 City of Globe and the Globe Police Department should be dismissed.

24     (A)    <u>Defendants' Motion for Summary Judgment as to Plaintiff's Notice of Claim</u>.

25     Section 12-821.01(A), Arizona Revised Statutes, provides as follows:

26           Persons who have claims against a public entity or a public
          employee shall file claims with the person or persons authorized
27           to accept service for the public entity or public employee as set

28
- 4 -

> forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A). A "public entity" is defined to include the State of Arizona and any political subdivision of the State. A.R.S. § 12-820(6). See, Warrington v. Tempe Elementary School District, 928 P.2d 673, 675-76 (Ariz. App. 1996)(the provision "public entity" includes the state and any political subdivision). The time limit for suit against a public entity is a procedural requirement subject to waiver, estoppel and equitable tolling. McGrath v. Scott, 250 F. Supp. 2d 1218 (D.Ariz. 2003). "The purpose of a notice of claim 'is to allow the public employee and his employer to investigate and assess their liability, to permit the possibility of settlement prior to litigation and to assist the public entity in financial planning and budgeting.'" Andress v. City of Chandler, 7 P.3d 121, 123 (Ariz. App. 2000)(quoting Crum v. Superior Court, 922 P.2d 316, 317 (1996)). Defendants do not dispute the timeliness of Plaintiff's Notice of Claim.

Defendants first contend that the Notice of Claim did not comply with Arizona law because it did not name or identify the individual officers who have now been sued as Defendants nor was it delivered to each officer individually. Defendants argue in their motion for partial summary judgment that service of the Notice of Claim is to be made in accordance with the Rules of Civil Procedure and Plaintiff here failed to serve the Notice of Claim in accordance with Arizona Rules of Civil Procedure 4.1(d). Defendants contend that Plaintiff did not serve the Globe Police Department, Chief Mullen, Sgt. Tarango, or Officers Haines or Yeager in accordance with Rule 4.1(d). Arizona Rule 4.1(d) provides that service shall be effected upon individuals by delivering a copy of the summons and of the pleading to that individual personally or in the manner further designated in the Rule.

1    Defendants have cited as supplemental authority the case of <u>Creasy v. Coxon</u>, 750 P.2d
2 903 (Ariz. App. 1987), which specifically held that a notice of claim under former § 12-
3 821(A)[1] "does not require formal service" "in the same manner as a civil summons and
4 complaint." <u>Id</u>., at 906.  The Arizona Court of Appeals did not interpret § 12-821(A) "to
5 require that presentation, filing, or delivery of the notice of claim must be made in any
6 specific manner."  However, if the public entity or public employee challenges the notice
7 given, "the claimant must show that delivery was actually made." <u>Id.</u> In <u>accord</u>, <u>Crum v.</u>
8 <u>Superior Court</u>, 922 P.2d 316, 317 (Ariz. App. 1996)(claimant must give notice of the claim
9 under § 12-821.01 to both the employee individually and to his employer).

10   In his response, Plaintiff asserts that all that is required is that a potential claimant
11 "file" the Notice of Claim with the appropriate officer who represents the City.  Plaintiff
12 argues that his Notice of Claim sent to the City of Globe Risk Management and/or City Clerk
13 was sufficient.  Plaintiff supports his argument by referring the Court to several police reports
14 dated January 21 and 23, 2005 prepared by the officers involved in the incident. Plaintiff also
15 has referred to correspondence he received from the City of Globe and the Southwest Risk
16 Services dated March 7 and 10, 2005, respectively.  Plaintiff contends that these documents
17 are evidence that the City of Globe and these officers were sufficiently notified of Plaintiff's
18 claim.  Plaintiff points out that at the time he filed his Notice of Claim, the names of the
19 particular individual officers or officials who were subject to liability were unknown.
20 Plaintiff contends that he submitted a Notice of Claim which outlined the facts relevant to the
21 alleged incident and that the claim was processed and rejected as indicated in the March 10,
22 2005 letter from the Senior Claim Examiner, Southwest Risk Services.

23   Plaintiff has submitted a copy of the March 10, 2005 letter with his statement of facts.
24 In this letter, the Senior Claim Examiner writes as follows:

---

[1]Former § 12-821(A) provided that persons who have claims against a public entity or public employee "shall file such claims in the same manner as that prescribed in the Arizona Rules of Civil Procedure, Rule 4(D), ..."

- 6 -

> ... We are in receipt of the Notice of Claim submitted to the City by Mr. Trojanovich alleging that he was, 'wrongfully stopped, detained, arrested, incarcerated, assaulted and recklessly, intentionally, or negligently injured by officers of the Globe, Arizona Police Department.' We have had an opportunity to review the incident and do not feel that the City or their employees were remiss in the handling of the situation. ...

(Doc. 8, Exhibit 5 - March 10, 2005 letter).

In Young v. City of Scottsdale, 970 P.2d 942 (Ariz. App. 1999), the Arizona Court of Appeals had under consideration the defendant's argument that a notice of claim under § 12-821.01 was improper because it had not been served on the City of Scottsdale in accord with Arizona Rule of Civil Procedure 4.1(i). See, Young, 970 P.2d at 946. The Court of Appeals noted that the plaintiff's notice of claim had not been served on any such proper person but further held that "the City waived any complaint about service of process when it referred the matter to a claims adjuster, who considered and denied the claim without objecting to the service of process." Id.

Plaintiff has provided evidence that his claim was processed and rejected by Southwest Risk Services. Based on the March 10, 2005 letter, it appears that Plaintiff's notice of claim was considered and rejected on behalf of the City and its employees without any objection to service or notice. Defendants therefore appear to have waived any complaint about lack of proper service or notice. Defendants' motion for partial summary judgment on the ground that Plaintiff's Notice of Claim was improper for lack of service or notice to the individual defendants is denied.

Defendants also have challenged the propriety of Plaintiff's Notice of Claim contending that it did not state a sum certain or parse out the amount each recipient was required to pay to settle the claim. Defendants argue that to the extent that Plaintiff made a demand for certain amounts, the sums requested were speculative and ambiguous.

In the Notice of Claim letter directly above the salutation, Plaintiff stated his "Demand" as $2,000,000.00. In the body of the Notice of Claim letter, Plaintiff's counsel stated that Plaintiff had to seek medical attention and had been "advised by doctors that his shoulder may

- 7 -

1  have been dislocated, the rotator cuff injured, and that he will likely require physical therapy,
2  medical care, and surgery." It also was stated that Plaintiff "appears to have a permanent
3  injury, and likely will incur medical expenses in excess of $50,000 (this is only an estimate
4  as the medical care has just commenced)." The notice letter in the next paragraph stated that
5  Plaintiff, who works in the construction field, had missed work and that "[h]is lost wages are
6  estimated to be in excess of $50,000 at this point in time (this is only as estimate as the
7  treatment, time off work and other work-related damages are not yet completely known)."
8  Plaintiff next stated that his demand was for "[c]ompensation in an amount of the sum certain
9  outlined above" and "[c]ompensation for monies expended due to medical expenses and lost
10 wages or other incurred damages (to be supplemented)."
11       In Hollingsworth v. City of Phoenix, 793 P.2d 1129 (Ariz. App. 1990), the claim letter
12 stated an "educated estimate" of the amount which the Arizona Court of Appeals held met the
13 "sum certain" requirement because it "placed an estimated total value on [the] claim." Id., 793
14 P.2d at 1132. The Arizona Court of Appeals adopted a reasonableness standard for the "sum
15 certain" requirement in that a reasonable estimate may promote settlement more effectively
16 than an exaggerated fixed amount estimate. As discussed in Young v. City of Scottsdale, 970
17 P.2d at 946, the Arizona Legislature enacted the present version of the notice of claim statute
18 set forth at § 12-821.01 as providing the "specific amount" requirement. In Young, the
19 Arizona Court of Appeals held that "the specific amount" requirement should be interpreted
20 in light of the claim statute's purposes as explained in State v. Brooks, 534 P.2d 271 (Ariz.
21 App. 1975), and the reasonableness standard as explained in Hollingsworth. In Brooks, the
22 Arizona Court of Appeals had reasoned that "a valid claim must contain enough information
23 to allow the State to intelligently ascertain [the purposes of the statute] so that it can
24 conscientiously allow or disallow that claim and if disallowed thereby trigger the right of the
25 citizen to seek redress in the courts." Id., 534 P.2d at 274.
26       In this case, a fair reading of Plaintiff's Notice of Claim letter indicates that the letter
27 contained a demand in the sum of $200,000.00. Plaintiff estimated that his medical expenses
28

- 8 -

1  and lost wages each would possibly exceed $50,000.00. Plaintiff's claim was considered and
2  rejected by Southwest Risk Services. The Court concludes that Plaintiff's Notice of Claim
3  letter sufficiently set forth a "reasonable estimate" of the value of the claim to permit
4  intelligent consideration of whether it should be allowed or disallowed. Defendants' motion
5  for partial summary judgment regarding the sufficiency of the sum certain amount set forth
6  in Plaintiff's Notice of Claim is denied.

7    (B) <u>Defendants' Motion for Summary Judgment as to Plaintiff's<br>Civil Rights Claim based on Vicarious Liability</u>.
8
9    Defendants contend that Count Two of the complaint which asserts a claim for civil
10 rights violation under § 1983 based on vicarious liability should be dismissed with prejudice
11 because there is no vicarious liability for such constitutional violations. Plaintiff in his response
12 has agreed with Defendants on this issue. <u>See</u> <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124,
13 1141(9th Cir. 2001)(municipality sued under § 1983 is not vicariously liable for the acts of its
14 agents). Plaintiff contends, however, that the City and the Police Department may be liable
15 under § 1983 for failure to train or supervise, citing <u>Montgomery v. De Simone</u>, 159 F.3d 120
16 (3d Cir. 1998). It is not clear why Plaintiff has interjected this comment or observation.
17 Plaintiff's claim in Count Two for civil rights violation based on vicarious liability shall be
18 dismissed.

19   (C) <u>Defendants' Motion for Summary Judgment as to Plaintiff's Prayer<br>for Punitive Damages</u>.

20   Defendants seek dismissal of Plaintiff's request for punitive damages against the City
21 of Globe, the Globe Police Department, and the individual Defendants acting within the scope
22 of their employment. Defendants cite A.R.S. § 12-820.04 which states that "[n]either a public
23 entity nor a public employee acting within the scope of his employment is liable for punitive
24 or exemplary damages." Plaintiff agrees with Defendants' argument but points out that
25 individual defendants who have been sued for civil rights violation under § 1983 can be held
26 liable for punitive damages. Plaintiff requests that the Court defer ruling on this issue or
27 dismiss his prayer for punitive damages without prejudice to his right to re-assert after full
28

1  discovery. The Court will dismiss Plaintiff's prayer for punitive damages to the extent based
2  on A.R.S. § 12-820.04.

3  **Accordingly**,

4  **IT IS ORDERED** that Defendants' motion to strike (Doc. 10), which the Court has
5  construed as Defendants' objection to Plaintiff's statement of facts, is sustained as set forth in
6  this Order.

7  **IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment
8  (Doc. 4) is granted in part and denied in part.

9  **IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment
10 is denied as to Plaintiff's common law claims asserted in Count One of the complaint.

11 **IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment
12 as to Plaintiff's claim in Count Two for civil rights violation based on vicarious liability is
13 granted and this part of Count Two is dismissed with prejudice.

14 **IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment
15 as to Plaintiff's prayer for punitive damages against Defendants to the extent based on A.R.S.
16 § 12-820.04 is granted and Plaintiff's prayer for punitive damages is dismissed to this extent
17 only.

18 DATED this 28th day of August, 2006.

_____
Mary H. Murguia
United States District Judge

- 10 -